IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WYATT CHAMP, #347066           *

    Plaintiff

                                *

v.                             CIVIL ACTION NO. AW-07-224

                                *

JAMES O'NEILL,

    Defendant                *
******

## **MEMORANDUM**

Defendant has moved for dismissal or summary judgment against Plaintiff Wyatt Champ. (Paper No. 14).  Plaintiff has not filed a response.[1]  No hearing is necessary to resolve the issues before the Court.  Local Rule 105.6 (D. Md. 2004).  For the reasons stated below, the dispositive motion filed by Defendant, treated as a motion for summary judgment, will be granted.

### **Standard of Review**

Rule 56 (c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion.  As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some*

---

[1]Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on May 10, 2007, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 16). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*).

> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988). The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)). With this standard in mind, the Court now examines Plaintiff's claims.

**Background**

Plaintiff states that while serving a six month sentence at the Baltimore County Detention Center ("BCDC") he was forced to triple cell in a cell that only had two bunks and that the air blowing out of the vents was dirty, congesting his chest and nose. He further claims that mice ate some of his commissary and that he did not receive the two pairs of underwear he should have been issued. Plaintiff further alleges that he was not permitted to use the outside gym on the roof to get fresh air and also he was not given access to the legal reference center. Paper No. 1.

## Analysis

**A.**     **Conditions of Confinement**

Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U. S. 337, 347 (1981). Conditions which are merely restrictive or even harsh, however, "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted). "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Prison officials cannot be held liable for violating the Eighth Amendment unless they knew of, and disregarded, an excessive risk to inmate health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff complains that he was housed in a triple cell. The Affidavit of Warden O'Neill demonstrates that Plaintiff was housed in a triple cell for approximately three days in order to accommodate the administrative needs of BCDC. During that time the triple cell was furnished with two beds and a floor mat. Plaintiff was assigned to a bed. Additionally, Plaintiff was provided access to the day room open areas. During the remainder of Plaintiff's incarceration he was housed in a

double cell. (Paper No. 14, O'Neill Declaration). The double or triple celling of prisoners does not amount to an Eight Amendment violation where other prison living conditions are constitutionally adequate. *See Rhodes v. Chapman*, 452 U.S. 337, 347-350 (1981); *Nelson v. Collins*, 659 F.2d 420, 421 (4th Cir. 1981) (en banc);*Lopez v. Robinson*, 914 F.2d 486, 493 (4th Cir. 1990).

As to Plaintiff's claim regarding vermin, there is no indication that he ever complained of rodent infestation or that mice were eating his food. (Paper No. 14, O'Neill Declaration). Moreover during Plaintiff's incarceration, BCDC had a contract with a pest control company to treat the facility once a month to prevent and/or eliminate pests, including mice. (*Id.*)

Plaintiff's claims that he did not receive two pairs of underwear and that he was not permitted to recreate on the roof are also unavailing. Warden O'Neill's declaration reflects that Plaintiff was allowed access to the dayroom open areas and permitted to use the gym in accordance with BCDC policy. Plaintiff filed no complaints regarding denial of access to those areas nor any complaints regarding not receiving the underwear. (Paper No. 14, O'Neill Declaration).

In total, the Court finds that Plaintiff's claims regarding the conditions of his confinement are unavailing. He does not provide any facts suggesting that the prison officials acted with "deliberate indifference" to his health and safety. Other than implying that the conditions caused him discomfort and inconvenience, he has neither alleged nor demonstrated that he suffered any physical harm from those conditions.

**B.     Access to Courts**

Plaintiff claims that he was denied access to the legal reference center. He further states that at the time of his incarceration he was litigating his appeal pro se. Paper No. 1. Prisoners have a

constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

Generally, prisoners must show some actual harm flowing from denial of access to state a constitutional claim. *See Wicomico County,* 999 F.2d 780, 785 (4th Cir. 1993); Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir. 1993); Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir.1993) (in alleging Eighth Amendment violation arising from inadequate library facilities, prisoner must show actual injury caused by inadequate facilitates, or actual prejudice to litigation); White v. White, 886 F.2d 721, 723 (4th Cir. 1989). Here, the Affidavit of Warden James P. O'Neill demonstrates that Plaintiff used the library on January 24, 2007, and February 15, 2007, and on each occasion he did not request legal materials. (Paper No. 14, O'Neill Declaration.) Plaintiff has failed to allege, much less demonstrate, that he suffered actual injury due to any lack of access to the legal center.[2]

**C.    Medical Claim**

Affording Plaintiff's contention that he suffered from congestion in his nose and chest liberal

---

[2] A review of the Maryland Judiciary Case website (http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp) reveals that Plaintiff was represented by counsel from the Office of the Public Defender in his appeal. *See State v. Champ*, Circuit Court for Baltimore County, Maryland, Case Number 03K060005404. In any event, defendants who waive counsel and elect to proceed pro se in criminal case are not thereby entitled to access to law library; rather, they can be required to rely on standby counsel to overcome any research handicaps imposed by being in custody. *See United States v. Chatman*, 584 F.2d 1358 (4th Cir. 1978).

construction as raising a denial of adequate medical care, this claim shall also be dismissed. The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that the actions of the Defendant or Defendant's failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Plaintiff's complaint that he suffered from chest and nasal congestion does not amount to a serious medical need. Further, the Declaration of Warden O'Neill demonstrates that when Plaintiff came into the custody of BCDC he was medically screened and provided a fourteen day supply of nasal spray for reported nasal dryness. Plaintiff was advised to follow up with medical staff if necessary. Plaintiff has failed to demonstrate that Defendant has been deliberately indifferent to his medical need. *Farmer*, 511 U.S. at 839–40.

**Conclusion**

In light of the foregoing, Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment shall be granted. A separate Order follows.

Date: September 10, 2007

                                                        /s/
                                       Alexander Williams, Jr.
                                       United States District Judge